# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| GENEVA RUSSELL, | : | Case No. 3:18-cv-00264 |
| Plaintiff, | : | District Judge Walter H. Rice |
| vs. | : | Magistrate Judge Sharon L. Ovington |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

Plaintiff Geneva Russell has filed a Statement of Errors in this social security case challenging Administrative Law Judge Deborah F. Sanders' determination that she is not under a disability and, consequently, not eligible to receive Supplemental Security Income. (Doc. #9). The Commissioner acknowledges that ALJ Sanders' decision contains reversible error, particularly as to the evaluation of two treating medical sources' opinions.

The parties presently disagree—not about the need for a remand under sentence four of 42 U.S.C. § 405(g) but—about whether the case should be remanded for payment of benefits or for further administrative proceedings. Plaintiff contends that the case should be remanded for payment of benefits because her application for benefits has been pending for more than 11 years (her alleged disability onset date is May 15, 2008) and

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

because the issues involved have been extensively briefed over the years and remanded multiple times for further proceedings. She further contends that the administrative "record is complete, so all essential factual issues have been resolved and the record adequately establishes [her] entitlement to benefits." (Doc. #11, *PageID* #2202). In these circumstances, Plaintiff argues, there is no just reason to further delay this matter for another round of administrative proceedings.

The Commissioner argues that a remand for further proceedings is warranted because the record is incomplete and not all essential factual issues have been resolved. The remaining issues exist, according to the Commissioner, because the ALJ misapplied the treating physician rule when weighing the opinions provided by Plaintiff's treating medical sources, Drs. Knight and Schear.

The Commissioner's argument lacks merit because it forecloses the possibility that in some cases when an ALJ has misapplied the treating physician rule, a remand for benefits may be warranted. If, as the Commissioner's argument implies, an ALJ's misapplication of the treating physician rule always means that unresolved issues remain, this error would never require a remand for benefits regardless of the content and quality of medical evidence in the administrative record. The proper focus for determining whether benefits are due is on whether the administrative record contains overwhelming evidence of disability or whether the evidence is strong while contrary evidence is lacking in substance. *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see Mowery v. Heckler,* 771 F.2d 966, 973 (6th Cir. 1985).

This, moreover, is an unusual case considering that Plaintiff's application for

2

benefits is more than 11 years old, and its procedural history is entangled with error and repetition. In 2011, an ALJ (ALJ McNichols) issued a flawed non-disability decision after holding two hearings. (Doc. #6, *PageID* #s 907-53, 958-71). On appeal, this Court found error in the ALJ's decision and remanded for further administrative proceedings. (Doc. #6, *PageID* #s 987-1000). On remand, a second ALJ (ALJ Motta) held a third administrative hearing and issued a second non-disability decision. *Id*. at 835-56, 866-906. This led to another appeal to this Court during which the parties' agreed to a remand. On remand, the Appeals Council issued detailed instructions to the ALJ regarding the issues to address on remand. *Id*. at 1755-59. A third ALJ—this time ALJ Sanders—held another administrative hearing then issued the flawed non-disability decision challenged in the present case. *Id*. at 1705-47, 1764-75. In these circumstances—especially the fact that a remand for further action would result in a fourth round of administrative proceedings, perhaps a fifth administrative hearing, and perhaps a fourth ALJ's decision—and in light of the strong evidence of record (mainly the treating medical sources' opinions) while contrary evidence is lacking, there is no just reason to further delay this matter for even more administrative procedures. *See Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 730 (6th Cir. 2014) (remanding for benefits after 2 remands and 3 administrative hearings and finding, "In light of the extensive opinions of treating physicians as to the severity of Gentry's psoriasis and psoriatic arthritis, we conclude that substantial evidence on the record as a whole supports a finding of total disability."); *see also Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails,

let's play again' system of disability benefits adjudication." (other citation omitted)); *Wilder v. Apfel*, 153 F.3d 799, 804 (7th Cir. 1998) ("Given the obduracy evidenced by the action of the administrative agency on remand, we remand the case to the agency with directions that the application for benefits be granted."); *Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir. 1992) ("Because of the medical record, we think it unconscionable to remand this eight year old case to the Secretary for further review.").

Accordingly, a reversal of the ALJ's decision and a judicial award of benefits are warranted.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The Commissioner's Unilateral Motion to Reverse, Enter Judgment, and Remand For Further Proceedings (Doc. #10) be GRANTED in part, and the case be remanded pursuant to sentence four of 42 U.S.C. §405(g);

2. The Commissioner's Unilateral Motion to Reverse, Enter Judgment, and Remand For Further Proceedings. (Doc. #10) be DENIED in remaining part, and the case be remanded for payment of Supplemental Security Income based on Plaintiff's disability onset date of May 15, 2008; and,

3. The case be terminated on the docket of this Court.

June 18, 2019          *s/Sharon L. Ovington*
                       Sharon L. Ovington
                       United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).